**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIE CHEAVES,

      Petitioner,

-vs-                                   Case No.  8:04-CV-2076-T-30TGW

JAMES R. MCDONOUGH[1],

      Respondent.

_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, initiated this cause of action by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 1996 convictions for robbery with a firearm (two counts), attempted second degree murder, shooting at, within, or into a vehicle, and possession of a firearm by a convicted felon while wearing a mask entered in the Twelfth Judicial Circuit in Manatee County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 13), and Petitioner has filed a reply thereto (Dkt. 15).  The matter is now before the Court for consideration on the merits of the Petition.

**Background**

On January 23, 1996, the State Attorney filed an Amended Felony Information charging Petitioner with two counts of armed robbery, attempted second-degree murder,

---

[1]James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James v. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

shooting at, within or into a motor vehicle, and possession of a firearm by a convicted felon. (Dkt. 14, Ex. 18: Vol. 1: R 18-21).  Petitioner proceeded to trial  on Counts I through IV of the Information, and on November 6, 1996, the jury found Petitioner guilty of the offenses as charged. The court sentenced Petitioner on that date to twenty (20) years imprisonment on the robbery counts (Counts I and II), and to concurrent terms of fifteen (15) years imprisonment for Counts III and IV, with a minimum mandatory of three years for Counts I and II only. (Dkt. 14, Ex. 18: Vol. 1: R 63-73). On December 18, 1996, Petitioner changed his plea to no contest on Count V, possession of a firearm by a convicted felon while wearing a mask. On that charge, the court sentenced Petitioner to 42 months imprisonment to run concurrent with all other counts. (Dkt. 14, Ex. 18: Vol. 1: R 87-91).

Petitioner pursued a direct appeal and raised two issues: 1) whether the trial court erred in denying his motion to suppress his statements made to the victims after they captured him; and 2) whether his sentence is illegal because he was sentenced under the 1995 guidelines which are invalid because the statute that created them violates the state constitutional "single subject" requirement.  (Dkt. 14, Ex. 1).  The appellate court affirmed the convictions but reversed the sentences and remanded for resentencing (Dkt. 14, Ex. 3). *See Cheaves v. State*, 761 So.2d 1162 (Fla. 2d DCA 1996).

On March 8, 2001, Petitioner was resentenced on Counts I through IV to concurrent terms of 177.125 months, with a three-year minimum mandatory on Counts I and II only. (Dkt. 14, Ex. 7).  The appellate court affirmed the amended sentence. (Dkt. 14, Ex.  8). *See Cheaves v. State*, 819 So.2d 761 (Fla. 2d DCA 2002)[Table].

On June 6, 2002, Petitioner filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Dkt. 14, Ex. 10). Petitioner raised three grounds for relief: (1) trial counsel was ineffective for failing to object to the interpreter not being duly sworn before translating; (2) trial counsel was ineffective for failing to file a motion to test the hair sample found in the hat that was given to the Florida Department of Law Enforcement for analysis; and (3) trial counsel was ineffective for failing to object to improper prosecutorial comments. Following an evidentiary hearing, the trial court entered a written order denying the motion for postconviction relief. (Dkt. 14, Ex. 12). On appeal Petitioner challenged only the court's ruling on ground one of his rule 3.850 motion. (Dkt. 14, Ex. 13). The appellate court affirmed. (Dkt. 14, Ex. 16). *See Cheaves v. State*, 875 So.2d 602 (Fla. 2d DCA 2004)[Table].

Petitioner timely filed his petition for federal habeas relief asserting two grounds for relief. Respondent acknowledges that the petition is timely but argues that it should be denied because Petitioner has failed to make the showing necessary for relief under 28 U.S.C. § 2254. Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, for reasons set forth below, this Court agrees with Respondent.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a

state court initially considers the issues raised in the petition and enters a decision on the

merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532

U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11ᵗʰ Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in

a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an
>       unreasonable application of, clearly established Federal law, as
>       determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable
>       determination of the facts in light of the evidence presented in
>       the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335

F.3d 1303, 1308 (11ᵗʰ Cir. 2003). Even where a state court denies an application for post-

conviction relief without written opinion, in this circuit that decision is entitled to the same

deference as if the state court had entered written findings to support its decision. *See Wright*

*v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255  (11th Cir. 2002). Finally, a state court's

factual finding is presumed to be correct, and a petitioner must rebut the presumption of

correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d

at 890-91. Since Petitioner's conviction was entered after AEDPA was enacted, his petition

is subject to the provisions thereof.

**Evidentiary Hearing**

To be entitled to an evidentiary hearing on habeas claims, the petitioner must "alleges facts that, if proved at the hearing, would entitle petitioner to relief." *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002) (citation omitted). For reasons discussed below, an evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a). *See Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim.").

**Discussion**

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Where, as here, a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of the petitioner's claim. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001). Although the claims were rejected without written opinion, for a state court's resolution of a claim to be an adjudication on the merits so that the determination will be entitled to deference for purposes of federal habeas review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d at 1255.

**Ground One**

In his first claim, Petitioner alleges his attorney was ineffective for failing to object to the interpreter not being sworn in before translating during his trial.  To prevail on the ground of ineffective assistance of counsel, Petitioner must show that (1) counsel's performance was deficient, i.e., fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's deficient performance prejudiced Petitioner's defense, i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  Petitioner fails to demonstrate what prejudice he suffered or how the outcome of the trial could have been different had the interpreter been sworn prior to translating during his trial.

The state postconviction court held an evidentiary hearing on the issue of ineffective assistance. (Dkt. 14, Ex. 11).  At the hearing the interpreter was sworn as a witness.  (Dkt. 14, Ex. 11 at 6-7).  She testified that at the time of trial she did not know the State attorneys trying the case nor the witnesses, she was born in Mexico and her native language is Spanish, she had reviewed the trial audiotapes and transcripts and the answers were accurately translated, and she recalled that she had no trouble understanding or translating either the prosecutor's questions or the answers given by the witnesses.  (Dkt. 14, Ex. 11 at 11-14).

The postconviction court found that the witnesses who testified at trial were sworn, and Petitioner failed to demonstrate any prejudice as a result of the interpreter not being

6

sworn before translating during Petitioner's trial.  (Dkt. 14, Ex. 12 at 5).  The Court

concludes that Petitioner has not established that the state courts' rejection of Ground One

resulted in a decision that is contrary to, or involved an unreasonable application of clearly

established Federal law, as determined by the Supreme Court of the United States, or that the

decisions were based on an unreasonable determination of the facts in light of the evidence

presented.  28 U.S.C. §2254(d).  Petitioner is not, therefore, entitled to federal habeas relief

on Ground One.

**Ground Two**

In his second claim, Petitioner argues that the trial court erred when it denied his

motion to suppress statements he made to the victims because his statements were coerced

by the victims when they used force on Petitioner "to coerce an admission of guilt from the

Petitioner." (Dkt. 1 at 5-6).  The Supreme Court has made clear that "coercive police activity

is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning

of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S.

157, 167, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986).  Absent police overreaching which is

causally related to the confession, "there is simply no basis for concluding that a state actor

has deprived a criminal defendant of due process of law." *Id.*, 479 U.S. at 164.

"Government coercion is a necessary predicate to a finding of involuntariness under the Fifth

Amendment." *United States v. Thompson*, 422 F.3d 1285, 1296 (11th Cir. 2005).  Because

Petitioner does not demonstrate that the government coerced his statement, he fails to

establish that the denial of his motion to suppress his statement was contrary to or an unreasonable application of clearly established Federal law. Consequently, Petitioner is not entitled to federal habeas relief on Ground Two.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 31, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
All Parties/Counsel of Record